# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| SHANE ALLEN BEELER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 6:16-CV-03452-DGK-SSA ) ) |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) ) ) |
| Defendant. | ) ) |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

This action seeks judicial review of the Acting Commissioner of Social Security's ("the Commissioner") decision denying Plaintiff Shane Beeler's applications for Social Security disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401–434, and Supplemental Security Income under Title XVI of the Act, 42 U.S.C. §§ 1381–1383f. The Administrative Law Judge ("ALJ") found Plaintiff had severe impairments of degenerative disc disease, degenerative joint disease, and bilateral carpal tunnel syndrome, but retained the residual functional capacity ("RFC") to work as a fruit distributor and fruit grade operator.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

### Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed his applications on January 13, 2012, alleging a disability onset date of December 13, 2011. The Commissioner denied the applications at the initial claim level, and Plaintiff appealed the denials to an ALJ. The ALJ held a hearing, and on June 21, 2013, issued a decision finding Plaintiff was not disabled. The Appeals Council subsequently remanded the case. A different ALJ gathered additional evidence and held a new hearing. On November 5, 2015, he issued his decision finding Plaintiff was not disabled.

On September 3, 2016, the Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision as the Commissioner's final decision. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. §§ 405(g) and 1383(c)(3).

**Standard of Review**

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Chaney v. Colvin*, 812 F.3d 672, 676 (8th Cir. 2016). Substantial evidence is less than a preponderance, but is enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also supports an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

**Discussion**

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A). Plaintiff argues the ALJ erred at Step Four by: (1) failing to properly evaluate his treating physician's opinion; and (2) failing to properly evaluate his credibility. Both arguments are unavailing.

**I.  In formulating Plaintiff's RFC, the ALJ did not err in evaluating the medical source statements provided by Dr. Glynn.**

Plaintiff argues that in formulating his RFC, the ALJ erred by discounting the opinion of his treating physician, Dr. Paul Glynn, D.O., expressed in two medical source statements. The ALJ gave little weight to Dr. Glynn's opinions because they were "based on subjective findings and he was sympathetic to the claimant, especially regarding the reported loss of concentration for 10% of every hour, need to alternate between sitting and standing every 15 minutes, use of a cane, and need to miss multiple days of work per month." R. at 30-31. They ALJ also discounted them because they were inconsistent with the objective medical evidence.

Plaintiff contends there is no evidence in the record that Dr. Glynn's opinion was based solely on his subjective reports, or that he was influenced by sympathy. He also argues that the

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g); 416.920(a)-(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

ALJ failed to point to specific inconsistencies between Dr. Glynn's opinions and the medical records, and that the ALJ's decision is not supported by substantial evidence.

The ALJ must assign controlling weight to a treating physician's opinion if it is well-supported and consistent with other evidence in the record. 20 C.F.R §§ 404.1527(c)(2), 416.927(c)(2). In evaluating a medical opinion, the ALJ should consider the length, frequency, nature, and extent of the treatment relationship, supportability, consistency with the record as a whole, specialization of the treating source, and other factors supporting or contradicting the opinion. *Id.* If an ALJ discounts a treating physician's opinion, he must give "good reasons" for doing so. *Dolph v. Barnhart*, 308 F.3d 876, 878-79 (8th Cir. 2002).

In the present case, the ALJ gave good reasons for discounting Dr. Glynn's opinions. An ALJ may give less weight to a treating physician's opinion that is based largely on a claimant's subjective complaints rather than objective medical evidence. *Cline v. Colvin*, 771 F.3d 1098, 1104 (8th Cir. 2014). This is particularly true when, as in this case, the ALJ finds a claimant's statements concerning the severity of his symptoms not credible. Although Plaintiff contends there is no evidence in the record that Dr. Glynn's findings were based on Plaintiff's subjective complaints, they had to come from Plaintiff because there was no other possible source for them. For example, Dr. Glynn opined that Plaintiff would be off task ten percent of his time at work due to effects from his medication. R. at 483. But there are no medical records indicating the medication produced such side effects. R. at 447-50, 461-63, 465-69, 474-78, 491-92, 503 (reporting no complaints about side effects), 512 (Dr. Glynn noting medications "seem appropriate"). And it is well-established that when a doctor recommends limitations that are not supported by any medical records, it undermines the doctor's opinion and the ALJ may give it less weight. *See*, *e.g.*, *Toland v. Colvin*, 761 F.3d 931, 935-36 (8th Cir. 2014).

4

As for Plaintiff's claim that the ALJ did not identify objective evidence that contradicted Dr. Glynn's suggested limitations, the ALJ spent several pages of his decision discussing the objective medical evidence and then Dr. Glynn's opinion. R. at 27-31. Although the ALJ did explicitly discuss how each piece of objective medical evidence contradicted Dr. Glynn's opinion, it was clear that it did.

Finally, the ALJ's RFC decision is supported by substantial evidence. In fact, the ALJ carefully explained how the evidence supported his finding. R. at 24-31.

Consequently, the ALJ did not err in discounting Dr. Glynn's opinion.

## II. The ALJ did not err in analyzing Plaintiff's credibility.

The Court also holds the ALJ did not err in analyzing Plaintiff's credibility. Credibility questions are "primarily for the ALJ to decide, not the courts." *Baldwin v. Barnhart*, 349 F.3d 549, 558 (8th Cir. 2003). "If an ALJ explicitly discredits the claimant's testimony and gives good reasons for doing so, the Court should defer to the ALJ's credibility determination." *Gregg v. Barnhart*, 354 F.3d 710, 713 (8th Cir. 2003). In evaluating a claimant's subjective complaints, the ALJ must consider the factors set forth in *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). These factors include the claimant's daily activities; the duration, frequency, and intensity of pain; the dosage, effectiveness, and side effects of medication; any precipitating and aggravating factors; any functional restrictions; the claimant's work history; and the absence of objective medical evidence to support the claimant's complaints. *See id.*; *see also* 20 C.F.R. §§ 404.1529, 416.929. However, an ALJ need not discuss, or even cite, every *Polaski* factor in her decision. *Buckner*, 646 F.3d at 558.

The ALJ discounted Plaintiff's subjective complaints because his activities of daily living and the objective medical evidence indicated his symptoms were not as severe as alleged. R. at 26-29. These are valid reasons to discount a claimant's credibility. *See McDade v. Astrue*, 720 F.3d 994, 998 (8th Cir. 2013) (ALJ properly discounted claimant's subjective complaints

based on his daily activities); *Forte v. Barnhart*, 377 F.3d 892, 895 (8th Cir. 2004) (while not sufficient standing alone, a lack of objective evidence may contribute to a finding that a claimant's complaints are not entirely consistent with the record). Although Plaintiff disputes whether he continues to hunt and fish,[2] it is not contested that—as the ALJ noted—Plaintiff got his five-year-old daughter up in the morning, got her ready, and took her to school; babysat his four-year-old son while his wife was at work; drove and shopped for groceries; took care of his personal care; performed household necessities; and watered the family animals—three dogs, three pigs, a horse, and a goat. R. at 47-48, 51, 63, 131, 359-61, 448, 512. Plaintiff also continues to ride horses. R. at 65.

Granted, there is some evidence in the record which suggests Plaintiff was not exaggerating his symptoms: Plaintiff took narcotic pain medication and muscle relaxants on a regular basis, R. at 376, 447, 462, 503, 555, and tried other treatments to address his pain. R. at 555. But it is not the Court's role here to make a credibility determination. If the "ALJ explicitly discredits the claimant's testimony and gives good reasons for doing so," as the ALJ has done here, then the law requires the Court to "defer to the ALJ's credibility determination." *Gregg*, 354 F.3d at 713.

### Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:   January 3, 2018                    /s/ Greg Kays
                                                        GREG KAYS, CHIEF JUDGE
                                                        UNITED STATES DISTRICT COURT

---

[2] Plaintiff points out that he stated in his January 2012 function report that he no longer hunter or fished, but the record show he reported these activities as hobbies a few days later. R. at 359, 448. He also told the ALJ during his February 2013 hearing that he still went deer hunting despite not having gone fishing in two years. R. at 64. And hunting is inconsistent with his reported complaints. *See Gates v. Astrue*, 627 F.3d 1080, 1083 (8th Cir. 2010) (noting claimant's hunting, among other activities, contradicted her claim of disabling limitations).